JOHN PONTUS *vs.* MANUEL PAIVA.

MAY 19, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J.   This is an action in assumpsit on four promissory notes, each in the sum of $17.50. The case was tried before a justice of the superior court sitting with a jury, who, at the conclusion of all the testimony, directed a verdict for the plaintiff for $50, including interest. The case is before us on the defendant's exception to this ruling, all other exceptions having been waived.

The evidence shows that on August 11, 1934, the defendant selected, tried and then purchased from the plaintiff a used automobile on conditional sale; that no representations concerning the automobile were made to him by the plaintiff; that the price, including finance charges, was $140; that he turned over to the plaintiff his own automobile for a credit of $35, and also gave him six successive monthly notes, each for $17.50, to cover the balance of $105. The defendant claims that he paid only one of these notes before returning the car to the plaintiff, while the plaintiff says that

he paid two such notes. In this action the plaintiff sues for the amount represented by the last four notes of the series, which the defendant did not pay as they became due.

The defendant testified that the car which he bought from the plaintiff turned out to be "a mongrel, with Ford wheels on it, a Marmon body, and a Pontiac engine"; that among its many defects, about which he complained almost daily to the plaintiff, it had no brakes, which latter condition caused him to become involved in an accident early in October 1934, as a result of which he and the car were taken to a police station; that upon his release he saw the plaintiff and spoke to him in part as follows: " 'Listen, if you give me another car, all right, I will deal with you.' He said, 'All right.' He said, 'Pick anything you want on the lot.' I go and I didn't see nothing to satisfy me. I said, 'If you ain't got nothing to satisfy me, the deal is off.' He said, 'O. K.' I never heard nothing from him since after."

Referring to this conversation, the plaintiff testified that, following the accident, the defendant asked him to take the car back, which he refused to do; that he did not tell the defendant to select another car on the lot nor did he answer "O. K." to the defendant's alleged statement that "the deal is off"; that he did agree to take the car and sell it for the defendant, giving him credit on the notes for whatever sum he received on selling the car; that the defendant agreed to this arrangement, and shortly thereafter paid him the second note, which payment is denied by the defendant; that, a day or two after this conversation, he, the plaintiff, had the car towed from the police station to his lot, where it remained until he sold it the following November or December to the Auto Salvage Company for $25; and that the plaintiff is entitled to a credit for this sum on the amount of the notes in suit.

At the close of the evidence the plaintiff moved for a direction of verdict in his favor. The ground of this motion does not appear either in the motion itself or in the argu-

ment that followed, which is noted but not reported. The trial justice, after mentioning the different ways in which a negotiable instrument may be discharged under the provisions of general laws 1923, chapter 227, sec. 125, commonly known as the Negotiable Instruments Act, says: "The case of *Beauvais* v. *Kishfy,* 54 R. I. Page 494, holds that a *renunciation* must be in writing, unless the instrument is turned over to the maker of the note. There was no agreement in writing here. For that reason the Court will grant the motion to direct a verdict and note the defendant's exception." (italics ours) The question of renunciation is controlled by sec. 128 of the above-cited statute, which is not mentioned by the trial justice in giving his decision, and the case which he quotes as authority for his action arose under widely different circumstances from those in this case and is, therefore, clearly inapplicable. Furthermore, the *Beauvais* case refers to the question of renunciation only by way of *dictum.* The circumstances in which a writing is necessary to effect a renunciation were fully considered by this court in the recent case of *Beach* v. *Bello,* 58 R. I. 445, 193 A. 526.

In this case the evidence as to whether or not the parties agreed to terminate the contract, to which the notes were an incident, was strongly conflicting. No rights of third parties being involved, it was a question of fact for the jury to determine whether the plaintiff accepted the return of the automobile in satisfaction of whatever sum was due on the notes, as the defendant contends, or whether the plaintiff received the automobile from the defendant with the understanding that he was to sell it and apply the proceeds as a credit on the notes, as the plaintiff contends. In the circumstances it was error to direct a verdict for the plaintiff.

The defendant's exception to the direction of a verdict for the plaintiff is sustained, and the case is remitted to the superior court for a new trial.

*Frederick Torelli,* for plaintiff.

*Dominique S. Pavou,* for defendant.